SALT RIVER PROJECT AGRICUL-
TURAL IMPROVEMENT AND POW-
ER DISTRICT, a municipal corpora-
tion and political subdivision of the
State of Arizona; et al., Plaintiffs—
Appellants,

v.

Reynold R. LEE; et al., Defendants—
Appellees.

No. 09–15306.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2010.

Filed March 19, 2010.

John J. Egbert, Paul G. Johnson, Es-
quire, Jennings Strouss & Salmon, PLC,
Lisa M. Coulter, Snell & Wilmer L.L.P.,
Phoenix, AZ, for Plaintiffs–Appellants.

Rhonda Lorraine Barnes, Philip R. Hig-
don, Perkins Coie Brown & Bain P.A.,
Phoenix, AZ, David Robert Jordan, Es-
quire, The Law Offices of David R. Jordan,
PC, Gallup, NM, for Defendants–Appel-
lees.

Before: GOODWIN, BERZON and
IKUTA, Circuit Judges.

## MEMORANDUM [*]

Salt River Project Agricultural Improve-
ment and Power District and Headwaters
Resources, Inc., collectively referred to as
Salt River Project, appeal the district
court's grant of a Fed.R.Civ.P. 12(b) mo-
tion to dismiss for failure to exhaust the
contractual grievance procedures in a lease
between Salt River Project and the Navajo
Nation. We review the district court's
application of substantive law *de novo*, and
its findings of fact for clear error. *Ritza
v. Int'l Longshoremen's & Warehouse-
men's Union*, 837 F.2d 365, 369 (9th Cir.
1988) (per curiam). We reverse.

[*] This disposition is not appropriate for publica-
tion and is not precedent except as provided
by 9th Cir. R. 36–3.

The district court erred in ordering Salt River Project to refer its claims to the United States Secretary of the Interior pursuant to the grievance procedures in § 25 of the 1969 Lease. Assuming, without deciding, that those procedures apply to Salt River Project's claims, Salt River Project has already submitted its dispute to the Secretary of the Interior under both § 25 of the 1969 Lease and § 10 of the § 323 Grant. The Secretary, without regard to the pending litigation, reviewed the substance of the dispute and addressed Salt River Project's request for intervention by the Secretary. Letter from Carl J. Artman, Assistant Secretary—Indian Affairs, U.S. Dep't of the Interior, to Jane D. Alfano, Corporate Counsel, Salt River Project (May 10, 2008). The Secretary later declined to reconsider his initial decision. Letter from George T. Skibine, Acting Deputy Assistant for Policy and Economic Development, U.S. Dep't of the Interior, to John J. Egbert, Esq., Jennings, Strouss & Salmon, PLC (October 2, 2008). Contrary to the district court's supposition, Salt River Project has no further obligation to submit its dispute to the Secretary under the 1969 Lease's dispute resolution provisions. Its claims are thus properly before the district court. *See Arizona Public Service Co. v. Aspaas,* 77 F.3d 1128, 1132–34 (9th Cir.1995).

**REVERSED and REMANDED for further proceedings.**